IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEAN GREGORY, an individual<br>1629 K Street NW, Suite 300<br>Washington, D.C. 20006<br>        *Plaintiff*,<br><br>v.<br><br>LINDSEY A.L. CONLEY, an individual<br>151 N. Franklin St. Suite 2500<br>Chicago, IL 60606<br>        *Defendant.* | Case No. 1:20-cv-2764 |

# COMPLAINT

Plaintiff Dean Gregory, Esquire brings this tort action against Lindsey A.L. Conley, Esquire for slander per se, false light invasion of privacy, interference with economic advantage, and false light invasion of privacy.

## VENUE AND JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 in that the parties are citizens of different states and the matter in dispute exceeds $1,000,000 exclusive of interests and costs.

2. Personal jurisdiction is proper because Conley has continuous and systemic contacts with the District of Columbia and is conducting business in the District. Personal jurisdiction also exists pursuant to D.C. Code § 13-423(3)-(4).

3. Venue is proper under 28 U.S.C. § 1391(b)(2) in that the injuries giving rise to Gregory's claims occurred in this jurisdiction.

LAW OFFICES OF
**DEAN GREGORY**
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

## PARTIES

4. Gregory is, and at all times mentioned herein was, domiciled in the District of Columbia.

5. Conley is, and at all times mentioned herein was, domiciled in the state of Illinois.

6. DOES 1 through 10 are persons or entities whose true names and capacities are unknown to Gregory, and who therefore are sued by such fictitious names. Gregory is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged, are responsible for the matters alleged, and are jointly and severally liable to Gregory. Gregory will seek leave of court to amend this Complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

7. At all times mentioned, all defendants were the agent(s) of the other and were acting within the course and scope of such agency and are jointly, severally, and vicariously liable to Gregory for all damages.

## FACTUAL ALLEGATIONS

8. Gregory represents Kevin Johnson in a consumer protection matter against Harris & Harris, Ltd., including claims for violations of the Telephone Consumer Protection Act, pending before the Hon. Dabney L. Friedrich (Case No. 1:20-cv-1261-DLF).

9. At all relevant times mentioned herein, counsel for Harris was Matthew W. Fogleman.

10. At all relevant times mentioned herein, Conley was not a member of the District of Columbia bar, nor admitted pro hac vice. Conley merely claimed to represent Harris in Illinois.

11. On August 14, 2020, Harris filed its First Amended Answer to Johnson's First Amended Complaint. Harris pled a number of frivolous defenses, including sanctions under 15 U.S.C. § 1692k(a)(3), failure to mitigate damages, and a reservation of rights to amend.

12. Gregory thereafter indicated an intent to request an order striking Harris's defenses as legally deficient.



LAW OFFICES OF
**DEAN GREGORY**
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

13. A telephonic meet and confer was held on August 28, 2020. Gregory, Conley, and Fogleman were in attendance. The purpose of the call was to discuss informal resolution of Harris's deficient Answer.

14. During the call, after Conley was confronted with Sprint cell records reflecting Harris repeatedly called Johnson's cell phone, Conley falsely accused Gregory of criminal conduct: tampering with evidence by "modifying Sprint's records." (the "Statement").

15. Tampering with evidence is a felony punishable by $12,500 in fines or 3-years imprisonment. See D.C. Code § 22-723.

16. Tampering with evidence is dishonest and deceitful under the D.C. Rules of Professional Conduct 8.4(c).

17. False accusations of criminal conduct and moral turpitude is highly offensive.

18. Conley then threatened to amend Harris's Rule 26 Disclosure Statement, name me as a witness, and request sanctions in an attempt to coerce settlement or dismissal.

19. Blackmail is a felony punishable by $12,500 in fines or 5-years imprisonment. See D.C. Code § 22-3252(a).

20. Gregory reported Conley's conduct to Judge Friedrich and the Illinois Disciplinary Commission.

21. Conley's Statement holds Gregory up to opprobrium by permanently stigmatizing him as committing felony offenses.

22. Conley made the Statement with specific intent to injure Gregory.

23. Conley disseminated her false Statement to a third-party—Fogleman.

24. Conley's Statement was not privileged because she was not participating as an attorney in the case.

25. Conley's Statement was also not privileged because she uttered the Statement with actual malice, knowledge of its falsity, and in a wanton and willful disregard of Gregory's rights.



LAW OFFICES OF
**DEAN GREGORY**
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

## FIRST CLAIM FOR RELIEF
## SLANDER PER SE

26. Gregory repeats, re-alleges and incorporates by reference paragraphs 1-25, inclusive, above, as if fully set forth herein.

27. The Statement imputes the commission of felony offenses involving moral turpitude for which Gregory could be indicted and disbarred.

28. As a direct and proximate result of Conley's wrongful conduct, Gregory is entitled to recover damages, in an amount to be determined at trial in excess of $1,000,000.

29. Conley slandered Gregory with the intent to vex, injure, and harm Gregory sufficient to constitute oppression, fraud, and malice justifying an award of exemplary and punitive damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
## BUSINESS DISPARAGEMENT

30. Gregory repeats, re-alleges and incorporates by reference paragraphs 1-29, inclusive, above, as if fully set forth herein.

31. Conley knowingly and intentionally published the Statement to Fogleman to impugn Gregory.

32. The Statement was false, defamatory, and made actual malice, and therefore is unprivileged.

33. As a direct and proximate result of the foregoing, Gregory incurred damages, including special damages.

34. As a direct and proximate result of Conley's wrongful conduct, Gregory is entitled to recover damages, in an amount to be determined at trial in excess of $1,000,000.

35. Conley's business disparagement of Gregory was made with the intent to vex, injure, and harm Gregory sufficient to constitute oppression, fraud, and malice justifying an award of exemplary and punitive damages in an amount to be determined at trial.



LAW OFFICES OF
**DEAN GREGORY**
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

## THIRD CLAIM FOR RELIEF
## TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE

36. Gregory repeats, re-alleges and incorporates by reference paragraphs 1-35, inclusive, above, as if set forth herein.

37. Gregory had a valid business relationship or expectancy with Johnson.

38. Conley knew of such relationship or expectancy.

39. Conley intentionally interfered with the business relationship.

40. As a direct and proximate result of Conley's wrongful conduct, Gregory is entitled to recover damages, in an amount to be determined at trial in excess of $1,000,000.

41. Conley's tortious interference was made with the intent to vex, injure, and harm Gregory sufficient to constitute oppression, fraud, and malice justifying an award of exemplary and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## FALSE LIGHT INVASION OF PRIVACY

42. Gregory repeats, realleges and incorporates by reference paragraphs 1-41.

43. The Statement places Gregory in a false light which would be highly offensive to a reasonable person.

44. Conley had knowledge of, or acted in reckless disregard as to, the falsity of the Statement and the false light in which Gregory would be placed.

45. Conley has misappropriated Gregory's right to privacy.

46. As a direct and proximate result of Conley's wrongful conduct, Gregory is entitled to recover damages, in an amount to be determined at trial in excess of $1,000,000.

47. Conley's tortious conduct was made with the intent to vex, injure, and harm Gregory sufficient to constitute oppression, fraud, and malice justifying an award of exemplary and punitive damages in an amount to be determined at trial



LAW OFFICES OF
**DEAN GREGORY**
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

## PRAYER FOR RELIEF

Gregory requests the following relief:

1. Compensatory and consequential damages;

2. Punitive damages;

3. Costs of suit and reasonable attorney's fees.

## JURY DEMAND

Gregory demands trial by jury.

DATED:  September 28, 2020

Respectfully submitted,

*Dean Gregory*

Dean Gregory (Bar No. 1008846)
**LAW OFFICES OF DEAN GREGORY**
1629 K Street NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 804-8975
Email: dean@deangregory.com

*Pro se*